UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN BEVAN,

          Plaintiff,

vs.                   Case No. 2:03-cv-00527-FtM-33SPC

MARK DURLING, ROD SHOAP,
KENNETH EARN, CORPORAL SCOTT
STAUDER, ROSS DIPASQUALE,
MR. HUDNALL, GEORGE MITAR,
BRUCE KYLE, DEAN PLATNER,
JOSEPH VIACAVA, JOEL WOLFSON,
URSULA WOLFSON, JULIE NIEMINSKI,
MR. NIEMINSKI, JOSEPH DUFRAT,
MARILYN DUFRAT, ANOUSH
ARAKALIAN, JOE D'ALLASANDRO
THE ESTATE OF JOHN MCSWEENEY,
MRS. JOHN MCSWEENEY, MRS. DOUGLAS
HENRICKS, MR. BAKHTIAN,
MRS. BAKHTIAN, DR. DOUGLAS HENRICKS,
RICHARD TRAVIS COWART, CLAUDIA
COWART, JACKIE COWART, JAN
CAMPBELL, JOHN MCDOUGALL, and BRIAN
FOELL,

          Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to the Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. #353), filed by Defendant, Claudia Cowart. Plaintiff, Brian Bevan, has not filed a response in opposition and the time to do so has passed. For the reasons stated herein, the motion to dismiss is DENIED.

### I.   STANDARD OF REVIEW

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable

to the non-moving party. See <u>Magluta v. Samples</u>, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>75 Acres, LLC v. Miami-Dade County, Fla.</u>, (11th Cir. 2003)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." <u>Conley</u>, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement needs to be sufficient enough to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." <u>United States v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 881 (11th Cir. 2003)(quoting <u>Conley</u>, 355 U.S. at 47). Thus, the issue in a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claim, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. <u>Jackam v. Hosp. Corp. of Am. Mideast, Ltd.</u>, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## II. BACKGROUND

The Fourth Amended Complaint (Doc. #205) sets forth the following pertinent facts, which are assumed to be true for the purpose of deciding this motion.

Several of the Defendants, including Cowart, organized and attended numerous secret meetings over a several month period where they allegedly conspired to maliciously prosecute Bevan and to deprive him of equal protection or equal privileges and immunities under the laws of the United States and Florida. (Doc. #205 at ¶¶39, 40, and 76.) Several of the Defendants, including Cowart, arranged for N.B.C. to film and broadcast one of these meetings. (Doc. #205 at ¶80.) Cowart, together with several other Defendants, also met and circulated a petition calling for Bevan to be arrested. (Doc. #205 at ¶82.)

On September 5, 1999, Defendants, James Nieminski and Joseph Dufrat, shouted and swore at Bevan over an eight-foot-high fence, at one point threatening Bevan's life. (Doc. #205 at ¶¶50-51.) Several Defendants, including Cowart, then made false statements to the Lee County Sheriff's Department regarding the incident. (Doc #205 at ¶52.) Bevan was arrested in relation to the incident on September 17, 1999, and thereafter prosecuted. (Doc. #205 at ¶¶60 and 64.) Cowart and Defendant Richard Cowart met with prosecutors to discuss how to "upgrade" the charges against Bevan. (Doc. #205

at ¶81.) Following a three day trial, a jury found Bevan not guilty. (Doc. #205 at ¶66.)

Also, a number of the Defendants, including Cowart, made derogatory false statements regarding Bevan, which Waterman Broadcasting broadcast on television and the Internet. (Doc #205 at ¶109.)[1]

### III. ANALYSIS

In its Order dated July 28, 2004, this Court dismissed Bevan's Amended Complaint (Doc. #114) as to Cowart because it merely alleged that Cowart participated in secret meetings and failed to allege any facts as to what Cowart did in furtherance of the § 1983 conspiracy claim (Count II) or the malicious prosecution claim (Count IV). (Doc. #182 at 23-25.)

Cowart contends that the Fourth Amended Complaint (Doc. #205) should be dismissed because the nature of the claims asserted against her have not changed. (Doc. #353 at ¶3.) Specifically, Cowart argues that Bevan has added no substantially new allegations against her and has simply re-pled the allegations which had been previously dismissed. (Doc. #353 at ¶¶3-4.)[2] As discussed below,

---

[1]  Bevan mis-numbered the Fourth Amended Complaint, and as a result, there are two paragraphs numbered 109. This reference to paragraph 109 refers to the second paragraph 109, which would be paragraph 121, were the document correctly numbered.

[2]  The Court notes that the Fourth Amended Complaint alleges for the first time causes of action for slander (Count VII) and libel (Count VIII). Cowart does not address or challenge the
(continued...)

the Fourth Amended Complaint does allege substantially new facts as to Cowart to survive her motion to dismiss. (Doc. #205 at ¶¶52 and 80-82.)

### Count II (Conspiracy)

To state a claim under § 1983, Bevan must allege that he was deprived of a constitutional or statutory federal right by a person acting under color of state law. E.g. Schwier v. Cox, 340 F.3d 1284, 1290 (11th Cir. 2003); Arline v. City of Jacksonville, 359 F. Supp. 2d 1300, 1311 (M.D. Fla. 2005). "Conspiring to violate another person's constitutional rights violates section 1983." Rowe v. Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). While private individuals are generally not liable for their actions under § 1983, private persons who conspire with one or more state actors may be held liable for damages in a § 1983 action. See Kadivar v. Stone, 804 F.2d 635, 636 (11th Cir. 1986); Malloy v. Coleman, 961 F. Supp. 1568, 1572 (M.D. Fla. 1997).

In the Fourth Amended Complaint, Bevan re-alleges that Cowart participated in secret meetings for the purpose of furthering a conspiracy to deprive him of equal protection or equal privileges and immunities under the laws of the United States and Florida. (Doc. #205 at ¶¶39-40.) The Fourth Amended Complaint also asserts substantially new allegations that Cowart helped arrange for one of

---

²(...continued)
sufficiency of these claims in her motion.

the secret meetings to be filmed and broadcast by N.B.C.; circulated a petition to have Bevan arrested; gave false statements to the Lee County Sheriff's Department regarding the September 5, 1999, incident; and met with prosecutors to discuss how to "upgrade" the charges against Bevan. (Doc. #205 at ¶¶52 and 80-82.)

Therefore, the Fourth Amended Complaint (Doc. #205) alleges facts sufficient to state a claim for conspiracy as to Cowart.

### Count IV (Malicious Prosecution)

Under Florida law, six elements must be established to support a claim for malicious prosecution:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004). The Fourth Amended Complaint alleges malicious prosecution by Cowart and several other Defendants based upon their false allegations of criminal activity against Bevan. (Doc. #205 at ¶¶52 and 105.) The complaint also alleges there was no probable cause to prosecute Bevan, that the criminal proceedings terminated in his favor, and that he has suffered damages as a result of the prosecution. (Doc. #205 at ¶¶107-10.)

Therefore, the Fourth Amended Complaint (Doc. #205) alleges sufficient facts to state a claim for malicious prosecution against Cowart.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED**:

1. The Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. #353), filed by Claudia Cowart is DENIED.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 14th day of July, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All parties of record