UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


BRIAN BEVAN,

               Plaintiff,

vs.                           Case No.  2:03-cv-00527-FtM-33SPC

MARK DURLING, ROD SHOAP,
KENNETH EARN, CORPORAL SCOTT
STAUDER, ROSS DIPASQUALE,
MR. HUDNALL, GEORGE MITAR,
BRUCE KYLE, DEAN PLATNER,
JOSEPH VIACAVA, JOEL WOLFSON,
URSULA WOLFSON, JULIE NIEMINSKI,
MR. NIEMINSKI, JOSEPH DUFRAT,
MARILYN DUFRAT, ANOUSH
ARAKALIAN, JOE D'ALLASANDRO
THE ESTATE OF JOHN MCSWEENEY,
MRS. JOHN MCSWEENEY, MRS. DOUGLAS
HENRICKS, MR. BAKHTIAN,
MRS. BAKHTIAN, DR. DOUGLAS HENRICKS,
RICHARD TRAVIS COWART, CLAUDIA
COWART, JACKIE COWART, JAN
CAMPBELL, JOHN MCDOUGALL, and BRIAN
FOELL,

               Defendants.
_____/


## ORDER

    This matter comes before the Court pursuant to the following five motions: (1) Defendants Julie Nieminski and James Nieminski's Motion for Summary Judgment (Doc. #320); (2) Defendants Joseph Dufrat and Marilyn Dufrat's Motion for Summary Judgment (Doc. #339); (3) Defendants Joel Wolfson and Ursula Wolfson's Motion for Summary Judgment (Doc. #341); (4) Defendant Mrs. John McSweeney's (Marianne McSweeney) Motion for Summary Judgment (Doc. #347); and

(5) Defendant the Estate of John McSweeney's (John McSweeney) Motion for Judgment on the Pleadings and for Lack of Subject Matter Jurisdiction (Doc. #352).  Plaintiff, Bevan, filed a response to each motion.  (Docs. #328, 345, 349, 350, and 355.)  For the reasons stated herein, the motions for summary judgment filed by the Nieminskis, Dufrats, Wolfsons, and Mrs. McSweeney (Docs. #320, 339, 341, and 347) are GRANTED, and the Estate of John McSweeney is DISMISSED as a Defendant in this proceeding.

## I.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Mize v. Jefferson City Bd. Of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)).  A fact is material if it may affect the outcome of the suit under the governing law.  Allen v. Tyson Foods,

-2-

<u>Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears
the initial burden of showing the court, by reference to materials
on file, that there are no genuine issues of material fact that
should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co.,</u>
<u>Inc.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004)(citing <u>Celotex Corp. v.</u>
<u>Catrett</u>, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving
party must then 'go beyond the pleadings,' and by its own
affidavits, or by 'depositions, answers to interrogatories, and
admissions on file,' designate specific facts showing that there is
a genuine issue for trial." <u>Jeffrey v. Sarasota White Sox, Inc.</u>,
64 F.3d 590, 593-94 (11th Cir. 1995)(citing <u>Celotex</u>, 477 U.S. at
324). If there is a conflict between the parties' allegations or
evidence, the non-moving party's evidence is presumed to be true
and all reasonable inferences must be drawn in the non-moving
party's favor. <u>Shotz v. City of Plantation, Fla.</u>, 344 F.3d 1161,
1164 (11th Cir. 2003). If a reasonable fact finder evaluating the
evidence could draw more than one inference from the facts, and if
that inference introduces a genuine issue of material fact, the
court should not grant summary judgment. <u>Samples *ex rel.* Samples</u>
<u>v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing
<u>Augusta Iron & Steel Works, Inc. v. Employers Insurance of Wausau</u>,
835 F.2d 855, 856 (11th Cir. 1988)).

## II.  BACKGROUND

The facts, as set forth in the Fourth Amended Complaint, allege that several of the Defendants, including Julie Nieminski, James Nieminski, Joseph Dufrat, Marilyn Dufrat, Joel Wolfson, Ursula Wolfson, Marianne McSweeney, and John McSweeney organized and attended a number of secret meetings over a several month period where they conspired to maliciously prosecute Bevan and to deprive him of equal protection or equal privileges and immunities under the laws of the United States and Florida.  (Doc. #205 at ¶¶39, 40, and 76.)

On September 5, 1999, James Nieminski and Joseph Dufrat purportedly shouted and swore at Bevan over an eight-foot-high fence, at one point threatening Bevan's life. (Doc. #205 at ¶¶50-51.)  Bevan asserts that several Defendants, including the Moving Defendants, made false statements to the Lee County Sheriff's Department following the incident, and that Joseph Dufrat and John McSweeney accused Bevan of throwing a punch over the fence.  (Doc #205 at ¶52.)  Bevan was arrested in relation to the incident on September 17, 1999, and thereafter prosecuted. (Doc. #205 at ¶¶60 and 64.)   Defendants Joseph Dufrat, Marilyn Dufrat, Marianne McSweeney, and John McSweeney testified at Bevan's trial, allegedly giving false testimony against him. (Doc. #205 at ¶65.)  Following the trial, a jury found Bevan not guilty. (Doc. #205 at ¶66.)

The Fourth Amended Complaint alleges conspiracy (Count II), malicious prosecution (Count IV), false arrest (Count V), slander (Count VII), and libel (Count VIII) against each of the Moving Defendants. (Doc. #205.) The Nieminskis, Dufrats, Wolfsons, and Mrs. McSweeney now move for summary judgment as to Counts II and IV. (Docs. #320, 339, 341, and 347.) The Estate moves for dismissal of this action for lack of jurisdiction as to it, or in the alternative, for judgment on the pleadings as to Counts II and IV. (Doc. #352.)

III. **ANALYSIS**

The Nieminskis, Dufrats, Wolfsons, and Mrs. McSweeney contend that summary judgment should be granted in their favor because the record before the Court shows that there are no genuine issues as to any material fact as to Count II (Conspiracy) or Count IV (Malicious Prosecution). (Docs. #320, 339, 341, and 347.) They argue that the record is properly limited to Bevan's Fourth Amended Complaint, their answers to the Fourth Amended Complaint, and the affidavits attached to their motions for summary judgment. (Docs. #320 at ¶3; 339 at ¶4; 341 at ¶4; and 347 at ¶3.) This limited record, they submit, is a result of the fact that this matter is more than a year old and no case management and scheduling order has been entered, due to the fault of Bevan, and because "no discovery has yet been requested by [Bevan] nor effected in support

of his case."   (Docs. #320 at ¶3; 339 at ¶4; 341 at ¶4; and 347 at ¶3.)

Bevan contends that summary judgment is not appropriate because a case management report has been submitted to the Court and that he has not had the opportunity to conduct discovery in this matter because he was prevented from doing so during the period between the filing of his complaint and the case management report.   (Docs. #328; 345; 349; and 350.)   Bevan also stated that he would be "conducting discovery shortly," and noted that the discovery deadline is October 6, 2005.   (Docs. #345; 349; 350; and 355.)

### Adequate Discovery

An adequate opportunity to complete discovery should be afforded to the non-moving party before a motion for summary judgment is considered.   Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997).   A premature decision on the summary judgment motions would impermissibly deprive Bevan of his right to utilize the discovery process to discover the facts necessary to justify his opposition to the motions.   See Vining v. Runyon, 99 F.3d 1056, 1058 (11th Cir. 1996)(citing Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865 (11th Cir. 1988)).

Pursuant to Local Rule 3.05(c)(2)(B), it has been appropriate for Bevan to conduct discovery in this matter since December 3, 2004, the date the parties met for the purpose of preparing and

-6-

filing a case management report.  While the Case Management and
Scheduling Order entered on January 14, 2005 (Doc. #338), provides
that the discovery deadline in this matter is October 6, 2005,
Bevan has had several months to discover facts necessary to justify
his opposition to these summary judgment motions.

Bevan has the burden of calling to the Court's attention any
outstanding discovery.  Snook, 859 F.2d at 871.  While Bevan
asserts that he was prevented from conducting discovery prior to
filing the case management report on December 21, 2004 (Doc.
#328.), he has not indicated that he has met with any difficulty in
obtaining responses to his discovery requests since that date. See
Vining 99 F.3d at 1058 (error to decide a motion for summary
judgment prior to ruling on a pending motion to compel discovery);
Jones, 120 F.3d at 253 (summary judgment improper because the court
had allowed the moving party to block the non-moving party's
efforts to obtain needed information through discovery); Oller v.
Ford Motor Co., 938 F. Supp. 817, 819 (M.D. Fla. 1996)(summary
judgment premature where there is a pending motion to compel
discovery and the non-moving party has not been permitted to depose
a single employee or witness for the moving party).  Likewise, even
though Bevan stated that he would be "conducting discovery

shortly," he has not attempted to supplement his responses in the several months since these motions were filed.[1]

In light of the foregoing, the Court concludes that a determination on the merits of the Moving Defendants' Motions for Summary Judgment (Docs. #320; 339; 341; 347; and 352) is appropriate at this time.

### A.    Defendants Julie Nieminski and James Nieminski's Motion for Summary Judgment (Doc. #320)

#### Count II - Conspiracy

The Nieminskis contend that there are no facts in the Fourth Amended Complaint, or the record, that indicate the nature of the alleged conspiracy, their contribution to the conspiracy, or that they acted under color of state law in furtherance of the conspiracy.  (Doc. #320 at 4-7.)

To maintain an action under § 1983, Bevan must show that he was deprived of a constitutional or statutory federal right by a person acting under color of state law.  E.g. Schwier v. Cox, 340 F.3d 1284, 1290 (11th Cir. 2003); Arline v. City of Jacksonville, 359 F. Supp. 2d 1300, 1311 (M.D. Fla. 2005).  It is apparent that the Nieminskis are not themselves state actors, but they, as private individuals, may be held liable under § 1983 if they are shown to have acted in concert with state officials in depriving

---

[1]    The Motions for Summary Judgment (Docs. #320; 339; 341; 347; and 352) were filed on December 7, 2004, January 13, 2005, January 18, 2005, January 31, 2005, and March 2, 2005, respectively.

Bevan of constitutional rights. <u>Arline</u>, 359 at 1311 (quoting

<u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992)). However,

rarely can private individuals be viewed as state actors for

purposes of § 1983. <u>Id.</u>

There are three tests used to determine whether the actions of

private persons are properly attributed to the state: (1) the

public function test; (2) the state compulsion test; and (3) the

nexus/joint action test. <u>E.g.</u> <u>Focus on the Family v. Pinellas</u>

<u>Suncoast Transit Auth.</u>, 344 F.3d 1263, 1277 (11th Cir.

2003)(quoting <u>Willis v. Univ. Health Servs.</u>, 993 F.2d 837, 840

(11th Cir. 1993)).

> The public function test limits state action to instances
> where private actors are performing functions
> "traditionally the exclusive prerogative of the state."
> The state compulsion test limits state action to
> instances where the government "has coerced or at least
> significantly encouraged the action alleged to violate
> the Constitution." The nexus/joint action test applies
> where "the state has so far insinuated itself into a
> position of interdependence with the [private party] that
> it was a joint participant in the enterprise." We must
> determine on a case-by-case basis whether sufficient
> state action is present from a non-state actor
> (defendant) to sustain a section 1983 claim.

<u>Id.</u>

To establish a prima facie case of § 1983 conspiracy under the

nexus/joint action test, Bevan must show that the alleged

conspirators reached an understanding to deny him of his rights and

prove an actionable wrong to support the conspiracy. <u>Arline</u>, 359

at 1312 (quoting <u>Bendiburg v. Dempsey</u>, 909 F.2d 463, 468 (11th Cir. 1990)).

> The plaintiff does not have to produce a "smoking gun" to establish the "understanding" or "willful participation" required to show a conspiracy, but must show some evidence of agreement between the defendants.  For a conspiracy claim to survive a motion for summary judgment "[a] mere 'scintilla' of evidence . . . will not suffice; there must be enough of a showing that the jury could reasonably find for that party."

<u>Rowe v. Fort Lauderdale</u>, 279 F.3d 1271, 1283-84 (11th Cir. 2002)(citations omitted).

Mrs. Nieminski states in her affidavit that she did not attend any neighborhood meetings regarding Bevan because of her status as a potential witness in a criminal matter concerning Bevan's son, Andrew Bevan.  (Doc. #320, Ex. A at 1.)  Mrs. Nieminski also submits that she did not give a statement regarding the incident that led to the arrest of Bevan, and ultimately the filing of this action.  (Doc. #320, Ex. A at 2.)[2]

Mr. Nieminski states in his affidavit that he had attended two separate neighborhood meetings "to discuss options in which to defend ourselves against what we all saw was an increasingly unstable and violent family in our neighborhood."  (Doc. #320, Ex. B at 1.)  Members of law enforcement were present at the first of

---

[2]   Mrs. Nieminski's affidavit refers to the actions giving rise to Bevan's lawsuit as having occurred on September 17, 1999. However, it is apparent from the affidavit that Mrs. Nieminski is referring to the acts occurring on September 5, 1999, which resulted in Bevan's arrest on September 17, 1999.

the two meetings to answer questions and to provide information regarding neighborhood watch programs.   (Doc. #320, Ex. B at 1.) Mr. Nieminski states that each of the two meetings took place following the arrest of Andrew Bevan for "violent" felonies and that "the purpose of the meetings was defense against the violent acts of Andrew Bevan, not conspiracy against his father, Anthony Brian Bevan."   (Doc. #320, Ex. B at 1.)   Mr. Nieminski further submits that he was not a witness to the incident that resulted in Bevan's arrest, did not provide any statements to the Sheriff's Department regarding the incident, and was not deposed or subpoenaed by the prosecution or Bevan in that matter.   (Doc. #320, Ex. B at 2.)

"A party opposing summary judgment may not rest upon the mere allegations or denials in its pleadings.   Rather, its responses, either by affidavits or otherwise as provided by the rule, must set forth specific facts showing that there is a genuine issue for trial."   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 248); FED. R. CIV. P. 56(e).   In his response, Bevan asserts that the affidavits of the Nieminskis are "false, distorted and perjurious."   (Doc. #328.)   In support of this argument Bevan refers to certain documents on file with the Lee County Court System and Sheriff's Department, and cites a transcript from Case #99-9619 MM.   (Doc. #328.)   However, none of these materials appear in the record in this matter.   Allegations

-11-

of conspiracy will not be enough to get to a jury where there is a lack of "any significant probative evidence tending to support the complaint." Anderson, 477 U.S. 249 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)); see also Troiano v.Lepore, No. 03-80097-CIV-MIDDLEBROOKS/JOHNSON, 2003 U.S. Dist. LEXIS 25850, at *7-9 (S.D. Fla. Nov. 3, 2003), aff'd, 382 F.3d 1276 (11th Cir. 2004)("the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures"). Bevan has failed to point to any evidence in the record or to present any additional facts from which this Court can deduce that the Nieminskis reached an understanding or agreement with any state actors to violate his rights. See Rowe, 279 F.3d at 1283-84.

Therefore, summary judgment is granted on Count II, Conspiracy, because the Nieminskis cannot be said to have acted under color of state law for purposes of this § 1983 action.

### Count IV - Malicious Prosecution

"[M]alicious prosecution is a viable constitutional tort under 42 U.S.C. § 1983." Alderman v. McDermott, No. 6:03-cv-41-Orl-22KRS, 2004 U.S. Dist. LEXIS 7526 at *39 (M.D. Fla. Apr. 27, 2004)(citing Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)). However, as noted above, unless the private individuals are shown to have conspired with one or more state actors, § 1983 will not afford a remedy against them. Rowe, 279 F.3d at 1285 (citing NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990)).

Therefore, because the conspiracy claim against the Nieminskis fails, Bevan's claim for malicious prosecution must also fail. See Rowe, 279 F.3d at 1285.

B.  **Defendants Joseph Dufrat and Marilyn Dufrat's Motion for Summary Judgment (Doc. #339); Defendants Joel Wolfson and Ursula Wolfson's Motion for Summary Judgment (Doc. #341); Defendant Mrs. John McSweeney's (Marianne McSweeney) Motion for Summary Judgment (Doc. #347)**

The legal arguments set forth by the Dufrats, Wolfsons, and Mrs. McSweeney in their summary judgment motions are essentially identical to those offered by the Nieminskis in their motion. Therefore, the legal analysis provided above will apply.

### Count II - Conspiracy

The Dufrats, Wolfsons, and Mrs. McSweeney contend that there are no facts in the Fourth Amended Complaint, or the record, that indicate the nature of the alleged conspiracy, their contribution to the conspiracy, or that they acted under color of state law in furtherance of the conspiracy. (Doc. #339 at 4-7; #341 at 4-7; and #347 at 4-7.)

In their affidavits, the Dufrats state that neighborhood watch meetings were held on two occasions. The primary purpose and focus of these meetings was to discuss concerns regarding the criminal behavior of Bevan's son, Andrew Bevan, and how to best protect themselves. The Dufrats maintain that a conspiracy against Bevan was neither contemplated nor enacted at these meetings. (Doc. #339, Ex. A at 1; Ex. B at 1.)

-13-

Mrs. Dufrat called the Sheriff's Department on September 5, 1999, because of commotion outside her home involving Bevan. (Doc. #339, Ex. A at 2.) Mr. Dufrat asserts that during this commotion Bevan "took a swing" at him over a fence. (Doc. #339, Ex. B at 2.) As a result of the incident, charges were filed against Bevan and he was prosecuted. (Doc. #339, Ex. A at 2; Ex. B at 2.) The Dufrats state that they "never made false accusations, conspired, threatened, or deprived [Bevan] of his civil rights." (Doc. #339, Ex. A at 2; Ex. B at 2.)

The Wolfsons state in their affidavits that three neighborhood watch meetings had been held regarding neighborhood safety issues. Two of the meetings were held at the homes of neighbors, with law enforcement and media present, and one was held at a Lee County Sheriff's substation. (Doc. #341, Ex. A at 1; Ex. B at 1.) They submit that these meetings were not about Bevan, but rather about how law enforcement could help in protecting their lives and property. (Doc. #341, Ex. A at 1; Ex. B at 1.)

Mrs. Wolfson states that she was present for the events which resulted in Bevan's arrest and that she did not fill out a police report or make any statements to law enforcement regarding the incident. (Doc. #341, Ex. A at 1-2.)[3] Mr. Wolfson states that he

_____

[3] Mrs. Wolfson's affidavit refers to the actions giving rise to Bevan's lawsuit as having occurred on September 17, 1999. However, it is apparent from the affidavit that Mrs. Wolfson is referring to the acts occurring on September 5, 1999, which
(continued...)

-14-

did not witness the incident, did not give any statements to law enforcement concerning the incident, and was not deposed or subpoenaed regarding the criminal case in the matter. (Doc. #341, Ex. B at 1.)

Mrs. McSweeney submits in her affidavit that she attended four neighborhood watch meetings and that law enforcement officials were present. The purpose of the meetings according to Mrs. McSweeney was to educate the attendees on how to report crimes being committed in their neighborhood. Mrs. McSweeney states that these meetings did not involve discussions about incarcerating Bevan or depriving him of any lawful rights. (Doc. #347, Ex. A at 1.) Mrs. McSweeney further avers that she was not present and did not witness the incident which resulted in Bevan's arrest. (Doc. #347, Ex. A at 1.)

Bevan filed identical responses in opposition. They state only that a case management report has been filed, that he was prevented from conducting discovery prior to the filing of the report, that he has until October 6, 2005, in which to conduct discovery, and that he would be doing so shortly. (Docs. #345; 349; and 350.)

As previously stated, Bevan has not attempted to supplement his responses in the several months since these motions were filed.

---

[3](...continued)
resulted in Bevan's arrest on September 17, 1999.

-15-

Again, Bevan has failed to point to any evidence in the record or
to present any additional facts from which this Court can deduce
that the Dufrats, Wolfsons, or Mrs. McSweeney reached an
understanding or agreement with any state actors to violate his
rights.  See Rowe, 279 F.3d at 1283-84.

Therefore, summary judgment as to the Dufrats, Wolfsons, and
Mrs. McSweeney on Count II, Conspiracy, is appropriate because they
cannot be said to have acted under color of state law for purposes
of this § 1983 action.

Count IV - Malicious Prosecution

As noted above, because the conspiracy claim against the
Dufrats, Wolfsons, and Mrs. McSweeney fails, Bevan's claim for
malicious prosecution against these defendants must also fail.  See
Rowe, 279 F.3d at 1285.  Therefore, summary judgment as to Count
IV, Malicious Prosecution, is appropriate as to these defendants.

C.   **The Estate of John McSweeney's Motion for Judgment on the
     Pleadings and for Lack of Subject Matter Jurisdiction
     (Doc. #352)**

The Estate of John McSweeney argues that the Fourth Amended
Complaint (Doc. #205) should be dismissed as to it pursuant to
Federal Rule of Civil Procedure 12(h)(3) because the Court lacks
subject matter jurisdiction.   (Doc. #352 at 3-5.)   The Estate
contends that it is not a proper legal entity subject to suit and
that the personal representative of the estate is the appropriate
real party in interest which should have been named as Defendant in

this action.  (Doc. #352 at 3-5 and ¶4.)  Thus, the Estate moves
this Court for an order dismissing it from this proceeding.  (Doc.
#352 at 4 and ¶4.)

While Bevan did not address this argument in his response
(Doc. #355), the Court notes that the style of the case, as
provided in the Fourth Amended Complaint (Doc. #205), reads, "The
Estate of JOHN MCSWEENEY serving Mrs. JOHN MCSWEENEY."  Also the
Fourth Amended Complaint, in its section labeled "PARTIES," states,
"THE ESTATE OF JOHN MCSWEENEY is being sued through its
representative Mrs. John McSweeney."  (Doc. #205 at ¶37.)

Therefore, the Court finds unpersuasive the assertion by the
Estate that it should be dismissed from this matter because the
real party in interest, the personal representative of the estate,
was not named as Defendant in this action.

However, after a review of Florida case law and Sections
733.702 and 733.710 of the Florida Statutes, the Court determines
that Bevan has not shown that he has a proper cause of action
against the Estate.

A determination as to the capacity of the Estate to be sued in
this matter is made pursuant to Florida law.  See FED. R. CIV. P.
17(b).  Pursuant to Florida Statutes § 733.702(2):

> No cause of action, including, but not limited to, an
> action founded upon fraud or other wrongful act or
> omission, shall survive the death of the person against
> whom the claim may be made, whether or not an action is
> pending at the death of the person, unless a claim is
> filed within the time periods set forth in this part.

All claims against an estate must be filed in a probate proceeding on or before the later of three months after the first publication of notice to creditors or, thirty days after the date of service on a creditor required to be served with a copy of the notice.  Fla. Stat. § 733.702(1).  Any claim not timely filed as provided above is barred unless the time in which to file the claim has been extended because of fraud, estoppel, or insufficient notice of the claims period.  Fla. Stat. § 733.702(3).  Florida Statutes § 733.710 "creates a self-executing, absolute immunity to claims filed for the first time . . . more than [two] years after the death of the person whose estate is undergoing probate."  May v. Illinois Nat'l Ins. Co., 771 So.2d 1143, 1156 (Fla. 2000).

The filing of a lawsuit as an alternative to the filing of a claim in the probate proceeding will not serve to preserve the claim.  See Spohr v. Berryman, 589 So.2d 225, 229 (Fla. 1991).  Rather, it circumvents the procedure prescribed by the Florida Probate Code seeking to avoid litigation over claims.  Id.  Only if the personal representative objects to the claim is it necessary for the claimant to file a lawsuit.  Id.

The Estate submits that John McSweeney died on February 26, 2002.  (Doc. #352 at 5.)  Mrs. McSweeney states in her affidavit that Bevan was aware of the death of her husband, that she immediately published notice of her husband's death, and that no creditor or any other person, including Bevan, has made a claim

-18-

against the estate.  (Doc. #347, Ex. A at 1.)  The record indicates that this action was first initiated against the Estate on September 12, 2003.  (Doc. #1.)  Yet, Bevan has failed to show that a claim was properly made against the Estate as provided for by Florida law.  Therefore, pursuant to Florida law, Bevan's cause of action against the Estate is barred as his claim is void.  See, e.g, Lasater v. Leathers, 475 So.2d 1329, 1330 (Fla. 5th DCA 1985); Roberts v. Jassy, 436 So.2d 394, 395 (Fla. 2d DCA 1983).

Because the Court finds that a cause of action against the Estate is barred pursuant to Florida law, the Court need not address the Estate's substantive arguments as to Count II, Conspiracy, and Count IV, Malicious Prosecution.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED**:

1.   Defendants Julie Nieminski and James Nieminski's Motion for Summary Judgment (Doc. #320) is GRANTED.

2.   Defendants Joseph Dufrat and Marilyn Dufrat's Motion for Summary Judgment (Doc. #339) is GRANTED.

3.   Defendants Joel Wolfson and Ursula Wolfson's Motion for Summary Judgment (Doc. #341) is GRANTED.

4.   Defendant Mrs. John McSweeney's Motion for Summary Judgment (Doc. #347) is GRANTED.

5.   Defendant the Estate of John McSweeney's Motion for Judgment on the Pleadings and for Lack of Subject Matter

-19-

Jurisdiction (Doc. #352) is GRANTED IN PART.   This action is DISMISSED as to the Estate of John McSweeney.

   **DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this ___22nd___ day of July, 2005.

                                     VIRGINIA M. HERNANDEZ COVINGTON
                                     UNITED STATES DISTRICT JUDGE

Copies:  All parties of record