UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN BEVAN,

                  Plaintiff,

-vs-                                      Case No.  2:03-cv-527-FtM-33SPC

ROD SHOAP, in his official capacity as the Sheriff of Lee County Florida and in his individual capacity; MARK DURLING, BRIAN FOELL, KENNETH EARN, CORPORAL SCOTT STAUDER, ROSS DIPASQUALE, MR. HUDNALL, GEORGE MITAR, BRUCE KYLE, DEAN PLATNER, JOSEPH VIACAVA, JOEL WOLFSON, URSULA WOLFSON, JULIE NIEMINSKI, MR. NIEMINSKI, JOSEPH DUFRAT, MARILYN DUFRAT, ANOUSH ARAKALIAN, THE ESTATE OF JOHN MCSWEENEY, MRS. JOHN MCSWEENEY, MRS. DOUGLAS HENRICKS, MR. BAKHTIAN, MRS. BAKHTIAN, DR. DOUGLAS HENRICKS, RICHARD TRAVIS COWART, CLAUDIA COWART, JACKIE COWART, JAN CAMPBELL, JOHN MCDOUGALL,

                  Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendants Bruce Kyle, Dean Plattner, Joseph Viacava, Joseph D'Allesandro, and Anoush Arakakian's (State Attorney Defendants) Motion to Dismiss for Plaintiff's Failure to Participate in Discovery (Doc. # 366) filed on August 1, 2005.  On August 23, 2005, the Magistrate Judge issued an Order to Show Cause why the action should not be dismissed for the Plaintiff's failure to participate in discovery.  The Plaintiff responded (Doc. #

372) that the Magistrate Judge improperly issued an Order to Show Cause and further that on April 6, 2005, the District Court dismissed all charges against the Defendants (Doc. #337). However, contrary to the Plaintiff's assertion, not all of the counts were dismissed in the Court's Order. Thus, the Motion to Dismiss pursuant to Rule 37 is now ripe for review.

The Defendants' Rule 37 Motion for Sanctions requests the case be dismissed with prejudice against the Defendants for the Plaintiff's discovery violations. Specifically, the Rule reads in relevant part:

> If a party or an officer, director, or managing agent of a party . . . fails (1) to appear before the officer who is to take . . . [a] deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories . . ., or (3) to serve a written response to a request for inspection . . . , the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d). The referenced subsection further provides that, where appropriate, a court is authorized to strike pleadings, stay proceedings, dismiss the action or any part thereof, or render a judgement by default against a disobedient party. Fed. R. Civ. P. 37(b)(2)(C).

Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) (citing Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993) *cert. denied*, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993)). However, this discretion is not unbridled. Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1993). Dismissal is an extreme sanction that should only be used as a last resort. Id. The decision to dismiss a claim or enter default judgement is proper only if noncompliance with discovery orders is due to willful or bad faith disregard for those

orders. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgement or dismissal. U.S. v. Certain Real Property Located at Route 1, Bryant Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997).

The State Attorney Defendants made a request for production on the Plaintiff on January 11, 2005, and propounded interrogatories on January 15, 2005. After a series of correspondence between the parties the Defendant's again sent the requests to the Plaintiff on March 11, 2005, requesting that the answers and production should be returned by March 18, 2005. The Plaintiff failed to respond and on March 24, 2005, the Defendant's filed a Motion to Compel (Doc. # 357) which was granted by this Court on April 6, 2005 (Doc. # 359). The State Attorney Defendants also allege that the Court issued a second Order compelling the discovery on April 29, 2005, however, after searching the record the Court cannot find such an order on the docket sheet.

One failure to comply is not sufficient evidence to establish a willful disobedience to the Court's authority. While the Plaintiff is *pro se,* the Plaintiff is no novice to filing law suits in this Court. He has been warned both in this action and in others that he must comply with the Federal Rules and with his discovery obligations. Thus, the Court respectfully recommends that the Motion to Dismiss for Failure to participate in discovery should be denied. The Court further recommends that the Plaintiff be Compelled to respond to the State Attorney Defendants interrogatories and requests for production as ordered by this Court on April 6, 2005.

Accordingly, it is now

**RECOMMENDED:**

(1) The Defendants Bruce Kyle, Dean Plattner, Joseph Viacava, Joseph D'Allesandro, and Anoush Arakakian's (State Attorney Defendants), Motion to Dismiss for Plaintiff's Failure to Participate in Discovery (Doc. # 366) should be **DENIED.**

(2) It is further Recommended that the Plaintiff Brian Bevan should be Compelled to respond by **November 21, 2005**, to the Courts Order (Doc. # 359). The Original Order compelling production is attached to this R & R as Exhibit A for reference.

(3) Failure to comply with the Court's Order issued on April 6, 2005, may be construed as a wilful act of disobedience subject to sanctions under the Federal Rules.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __1st__ day of November, 2005.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

BRIAN BEVAN,

      Plaintiff,

-vs-                  Case No.  2:03-cv-527-FtM-33SPC

ROD SHOAP, in his official capacity as the Sheriff of Lee County Florida and in his individual capacity; MARK DURLING, BRIAN FOELL, KENNETH EARN, CORPORAL SCOTT STAUDER, ROSS DIPASQUALE, MR. HUDNALL, GEORGE MITAR, BRUCE KYLE, DEAN PLATNER, JOSEPH VIACAVA, JOEL WOLFSON, URSULA WOLFSON, JULIE NIEMINSKI, MR. NIEMINSKI, JOSEPH DUFRAT, MARILYN DUFRAT, ANOUSH ARAKALIAN, THE ESTATE OF JOHN MCSWEENEY, MRS. JOHN MCSWEENEY, MRS. DOUGLAS HENRICKS, MR. BAKHTIAN, MRS. BAKHTIAN, DR. DOUGLAS HENRICKS, RICHARD TRAVIS COWART, CLAUDIA COWART, JACKIE COWART, JAN CAMPBELL, JOHN MCDOUGALL,

      Defendants.

_____

## **ORDER**

_____This matter comes before the Court on the Defendant's Motion to Compel Responses to Defendants' Request to Produce and Defendants' Interrogatories and Request for Attorneys' Fees and Cost (Doc. #357) filed on March 24, 2005.  Pursuant to Fed. R. Civ. P. 37(2)(B), the

Defendants, Bruce Kyle, Dean Plattner, Joseph Viacava, Joseph D'Allessandro, and Anoush Arakalian, seek an order from the Court compelling the Plaintiff to respond to the Defendants' discovery requests.

"The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." Fed. R. Civ. P. 33(b)(3). Likewise, Rule 34(a)(1) allows the party upon whom the request is served to file a written response within 30 days after service of the request. Id. If the served party objects to the request or fails to respond in writing to the requests within thirty (30) days after receiving the request, the serving party may move for an order to compel under Rule 37(a). Id. Motions to compel disclosures and other discovery are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir 1984).

On January 11, 2005, the Defendants served a Request for Production and Notice of Service of Interrogatories on the Plaintiff. To date, the Plaintiff has failed to respond or object to the Defendants discovery requests. It appears that the Plaintiff acknowledges that the interrogatories must be completed and conferred with Defense counsel about doing so by March 4, 2005 and received a further extension until March 18, 2005. However, since that time, there has been no response nor objection. Thus, since the time to respond has expired, good cause exists to grant the Defendants' Motion.

The Defendants also move for sanctions pursuant to Fed. R. Civ. P. 37. Under Rule 37, the Court may deny a request for sanctions "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991). At this juncture, the Court will

not impose sanctions upon the Plaintiff. However, the Court recognizes that this is not the first instance that the Plaintiff has demonstrated failure or reluctance to comply with the requests of opposing Counsel or the rules of this Court. Further, the Plaintiff has been previously warned that Rule 37 provides that if a party must seek relief from the Court to compel a recalcitrant party to respond, the moving party may be awarded reasonable expenses including attorney's fees incurred in compelling the responses. M.D. Fla. Local Discovery Rule (1)(E)(3). The Plaintiff is reminded that the discovery and pretrial proceedings shall move forward in a professional manner.

Accordingly, it is now

**ORDERED:**

(1)   The Defendant's Motion to Compel Responses to Defendants' Request to Produce and Defendants' Interrogatories (Doc. #357) is **GRANTED**.

(2)   The Defendant's Motion for Attorneys Fees and Costs (Doc. #357) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of April, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record
District Judge Courtroom Deputy