```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION

BRIAN BEVAN,

                    Plaintiff,

vs.                                 Case No.  2:03-cv-527-FtM-99SPC

DR. BIJAN BAKHTIAN, MITRA. BAKHTIAN,
and  JAN CAMPBELL,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Bijan and Mitra Bakhtian's Proposed Motion for Final Summary Judgment (Doc. #511) filed on June 11, 2006.  Plaintiff filed his Response (Doc. #513-1) on June 14, 2006.

Defendants, proceeding *pro se*, note that this Court granted Motions for Summary Judgment in favor of "at least thirteen similarly situated defendants in its [O]rder Document #492 dated May 3, 2006.  The Court adopts without repeating the facts as summarized in the May 3, 2006 Order (Doc. #492).  The May 3, 2006 Order ("the Order") summarized the Fourth Amended Complaint as it applied to Bevan's neighbors.  Bijan and Mitra Bakhtian ("the Bakhtians") fall within the group of Bevan's neighbors.  The fourth amended complaint alleges the following against the Bakhtians: Count II for conspiracy, Count IV malicious prosecution, Count V false arrest, Count VII slander, and Count VIII libel.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of

Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). By taking the facts in the light most favorable to the party asserting the injury, the Court has plaintiff's best case before it and can address the question of whether the defendant committed the constitutional violation alleged without having to assess any facts in dispute. Robinson v. Arrugueta, 415 F.3d 1252 (11th Cir. 2005), cert. denied, 126 S. Ct. 1063 (2006).

The Court has thoroughly reviewed the Order (Doc. #492) and plaintiff's Response (Doc. #511). The Court finds that plaintiff's Response offers no further information than was in the record when the Court issued the May 3, Order. The Court also finds that the reasoning applied to dismiss these same counts against the other neighbors applies to the Bakhtians and adopts by reference the relevant portions. That is, based upon Doc. #492, pp. 16-18, 19-20, 21-22, Summary Judgment is due to be granted as follows: (1) there is a lack of evidence in the record from which the Court could find a conspiracy; specifically a lack of a genuine issue of material fact as to whether there was an agreement (Doc. #492, p.18); and (2) Bevan failed to link defendants to the alleged defamatory statements (Id. at p. 22).

Accordingly, it is now

**ORDERED:**

1. Defendants' Bijan and Mitra Bakhtian's Proposed Motion for Final Summary Judgment (Doc. #511) is **GRANTED** on all counts pending against them.

2. The Clerk shall withhold the entry of judgment granting summary judgment in favor of the Bakhtians and against plaintiff until the conclusion of the case. The case otherwise remains pending against Jan Campbell.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge