UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN BEVAN,

                    Plaintiff,

vs.                                Case No.  2:03-cv-527-FtM-99SPC

DR. BIJAN BAKHTIAN, MITRA. BAKHTIAN,
and  JAN CAMPBELL,

                    Defendants.
_____

## OPINION AND ORDER

          This matter comes before the Court on Defendant Jan Campbell's Proposed Motion for Final Summary Judgment (Doc. #517) filed on June 11, 2006.  Plaintiff filed his Response (Doc. #519) on June 19, 2006.

          Defendant, proceeding *pro se*, notes that this Court granted Motions for Summary Judgment in favor of "at least thirteen similarly situated defendants in its [O]rder Document #492 dated May 3, 2006."  The Court adopts without repeating the facts as summarized in the May 3, 2006 Order (Doc. #492).  The May 3, 2006 Order ("the Order") summarized the Fourth Amended Complaint as it applied to Bevan's neighbors.  Jan Campbell ("Campbell") falls within the group of Bevan's neighbors and is similarly situated to Bijan and Mitra Bakhtian ("the Bakhtians"), in who's favor the Court just granted Summary Judgment (Doc. #522).  The fourth amended complaint alleges the following against Campbell: Count II

for conspiracy, Count IV malicious prosecution, Count V false arrest, Count VII slander, and Count VIII libel.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party.  <u>Shotz v. City of Plantation, Fla.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).  By taking the facts in the light most favorable to the party asserting the injury, the Court has plaintiff's best case before it and can address the question of whether the defendant committed the constitutional violation alleged without having to assess any facts in dispute.  <u>Robinson v. Arrugueta</u>, 415 F.3d 1252 (11th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1063 (2006).

The Court has thoroughly reviewed the Order (Doc. #492) and plaintiff's Response (Doc. #519).  The Court finds that plaintiff's Response offers no further information than was in the record when the Court issued the May 3, Order, or its August 3, 2006 Order granting Summary Judgment in favor of the Bakhtians (Doc. #522).  The Court also finds that the reasoning applied to dismiss these same counts against the other neighbors and the Bakhtians applies to Campbell.  The Court and adopts by reference the relevant portions of Docs #492 and #522.

Accordingly, it is now

**ORDERED:**

1. Defendant Jan Campbell's Proposed Motion for Final Summary Judgment (Doc. #517) is **GRANTED** on all counts pending against her.

2.   The Clerk shall enter the following:

A.   Judgment in favor of defendants Bruce Kyle, Joseph Viacava, Anoush Arakalian, Joe D'Allasandro, and Dean Platner pursuant to Doc. #412 which dismissed the claims against them;

B.   Judgment in favor of John McDougall, Rod Shoap, Mark Durling, Kenneth Earn, Ross Di Pasquale, Brian Foell, George Mitar, Harvey Hudnall, Scott Stauder, Marianne McSweeney, John McSweeney, Joel Wolfson, Ursula Wolfson, James and Julie Nemienski, Joseph and Marilyn Dufrat, Jackie Cowart, Richard Cowart, Claudia Cowart, Douglas Henricks and Katherine Henricks pursuant to Doc. #492 which granted summary judgment in their favor;

C.   Judgment in favor of Bijan and Mitra Bakhtian pursuant to Doc. #522 granting summary judgment in their favor; and

D.   Judgment in favor of Jan Campbell.

3.   The Clerk is further ordered to close the file, and terminate any pending motions as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of August, 2006.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Parties of record
DCCD

-4-